AO 245B (Rev 12/03) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Roberto Rosales-Reyes** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **2:10CR00805-001JB**<br>USM Number: **53909-051**<br>Defense Attorney: **Art Nieto, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Information**

☐ pleaded nolo contendere to count(s)

☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 8 U.S.C. Sec. 1326(a)/(b) | Re-entry of a Removed Alien | 02/21/2010 | |

The defendant is sentenced as specified in pages 2 through **4** of this judgment. The sentence is imposed under the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .

☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| | **June 18, 2010** |
| County of Residence | Date of Imposition of Judgment |
| | |
| | **/s/ James O. Browning** |
| | Signature of Judge |
| | |
| | **Honorable James O. Browning**<br>**United States District Judge** |
| | Name and Title of Judge |
| | |
| | **August 30, 2010** |
| | Date Signed |

Defendant: **Roberto Rosales-Reyes**
Case Number: **2:10CR00805-001JB**

## IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **8 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence. Pursuant to section 5D1.1(a), the Court will not impose a term of supervised release.**

**Rosales-Reyes` offense level is 10 and his criminal history category is III, establishing a guideline imprisonment range of 10 to 16 months. Rosales-Reyes unlawfully reentered the United States after previously being deported in 2008. Rosales-Reyes requests a downward departure of his criminal history category from category III to category II. The Court finds, under U.S.S.G. § 4A1.3, that Rosales-Reyes` criminal history category does not substantially overrepresent the seriousness of his criminal history; however, the Court believes that there is some overrepresentation and thus the punishment set forth in the guidelines is not appropriate for this sort of offense. The Court has considered the sentencing guidelines and has also considered the factors set forth in 18 U.S.C. § 3553(a). The Court has taken into account sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. Because Rosales-Reyes` criminal history category is somewhat overrepresented, the Court believes a variance is appropriate in this case.**

**Because Rosales-Reyes has only one criminal conviction, and because his guideline range is higher than a range for similarly situated defendants, the Court believes a sentence in the range of 8 to 14 months, rather than 10 to 16 months, more accurately reflects Rosales-Reyes` criminal history. A sentence at the low end of that range is appropriate here, so the Court will sentence Rosales-Reyes to 8 months. The Court believes the sentence reflects the seriousness of the offense, promotes respect for the law, provides just punishment, and otherwise fully reflects each of the factors set forth in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Martinez-Barragan, 545 F.3d 894, 904-05 (10th Cir. 2008) -- this sentence is more reasonable than one within the guidelines. Finally, the Court believes a sentence of 8 months is sufficient without being greater than necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act.**

☐   The court makes these recommendations to the Bureau of Prisons:

☒   The defendant is remanded to the custody of the United States Marshal.
☐   The defendant must surrender to the United States Marshal for this district:
    ☐   at  on
    ☐   as notified by the United States Marshal.
☐   The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐   before 2 p.m. on
    ☐   as notified by the United States Marshal
    ☐   as notified by the Probation or Pretrial Service Office.

## RETURN

I have executed this judgment by:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

UNITED STATES MARSHAL

Deputy United States Marshal

AO 245B (Rev.12/03) Sheet 5, Part A - Criminal Monetary Penalties

Defendant: **Roberto Rosales-Reyes**
Case Number: **2:10CR00805-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments.
☒      The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | **$waived** | **$0.00** | **$0.00** |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A      ☐   In full immediately; or

B      ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties:Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.